IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

AMANDA SUE BATES, Administrator and
Personal Representative of the Estate of
Berke Morgan Matthew Bates, Deceased,

    Plaintiff,

v.

UNIFLIGHT, LLC,

    Defendant.

Case No.: 3:23cv00069

NOTICE OF REMOVAL

Defendant Uniflight, LLC ("Uniflight"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, removes to this Court a civil action pending in the Albemarle County, Virginia Circuit Court (the "State Court"), which is styled *Amanda Sue Bates, Administrator and Personal Representative of the Estate of Berke Morgan Matthew Bates, Deceased v. Uniflight, LLC*, Case No. CL23-1761 (the "Action"). In support of this Notice of Removal, Uniflight states as follows:

**The Action and the Pleadings**

1. On June 10, 2019, Plaintiff filed an action against Uniflight and multiple other defendants in the Albemarle County Circuit Court. On or about October 5, 2020, Plaintiff filed an Amended Complaint. On or about December 17, 2021, Plaintiff filed a Second Amended Complaint.

2. After settling with the other defendants, Plaintiff non-suited Uniflight. The Nonsuit Order was entered on June 21, 2023.

3. On November 29, 2023, Plaintiff filed the Action. The Complaint is attached as Exhibit 1.

4. With the Action, Plaintiff also filed a Motion for Leave to File Amended Complaint with the proposed Amended Complaint, and a Motion to Consolidate the Action with a suit filed on the same day also in Albemarle County Circuit Court captioned *Karen Leslie Cullen, Executrix and Personal Representative of the Estate of Henry John Cullen, III, Deceased v. Uniflight, LLC*, Case No. CL23-1762. See Exhibits 2 and 3. (Uniflight is filing a Notice of Removal of the *Cullen* action also.)

5. The Action stems from an August 12, 2017 crash of a Virginia State Police helicopter in which Plaintiff's decedent died. Plaintiff alleges that Uniflight negligently maintained and inspected the subject helicopter. Plaintiff demands $50,000,000 in compensatory damages plus interest and costs.

6. On December 14, 2023, Uniflight timely filed an Answer, attached as Exhibit 4.

**Diversity Jurisdiction under 28 U.S.C. § 1332**

7. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ."

### The Amount in Controversy

9. Under 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." In her Complaint, Plaintiff seeks damages of $50,000,000. *See* Exhibit 1 at 12-13. As a result, the matter in controversy in the Action exceeds the sum or value of $75,000, exclusive of interest and costs.

### The Citizenship of the Parties

10. Since before November 28, 2023, on that date and at all times subsequent to that date, Plaintiff has been and is a citizen of Virginia. *See* Exhibit 1 at 1.

11. Since before November 28, 2023, on that date and at all times subsequent to that date, Uniflight has been a limited liability company established in Pennsylvania with its principal place of business in Pennsylvania. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for the purposes of 28 U.S.C. §§ 1332 and 1441, Uniflight is deemed to be a citizen of Pennsylvania.

### Removal To This Court Is Timely And Appropriate

12. This Notice of Removal is being filed with this Court within 30 days after Uniflight was served with a copy of Plaintiff's Complaint, and within one year of the filing of the Action in State Court.

13. Removal venue is proper in this Court under 28 U.S.C. § 1441 and Local Civil Rule 2(a)(3) because it was brought in the judicial district and division embracing Albemarle County, Virginia where the Action is pending.

14. Uniflight has not filed any pleadings with the State Court other than those identified in this Notice of Removal, and the State Court has not entered any orders in the Action.

UNIFLIGHT, LLC

By Counsel

*[signature]*

Roman Lifson (VSB No. 43714)
David B. Lacy (VSB No. 71177)
**Christian & Barton, L.L.P.**
901 East Cary Street, Suite 1800
Richmond, VA 23219
Tel. (804) 697-4164
Fax (804) 697-6112
rlifson@cblaw.com
dlacy@cblaw.com


J. Bruce McKissock* (#13036)
**Marshall Dennehey Warner
 Coleman & Goggin, P.C.**
2000 Market Street
Philadelphia, PA 19103
Tel. (215) 575-2600
Fax (215) 575-0856
jbmckissock@mdwcg.com

*\*pro hac vice application forthcoming
Counsel for Defendant Uniflight, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, a copy of this document was served by electronic mail on:

>Elliott M. Buckner, Esq.
>M. Scott Bucci, Esq.
>Jeffrey N. Stedman, Esq.
>Breit Cantor Grana Buckner, PLLC
>7130 Glen Forest Drive, Suite 400
>Richmond, Virginia 23226
>ebuckner@breitcantor.com
>sbucci@breitcantor.com
>jstedman@breitcantor.com
>
>Arthur A. Wolk, Esq.
>The Wolk Law Firm
>1710 -12 Locust Street
>Philadelphia, PA 19103
>arthurwolk@airlaw.com
>
>*Counsel for Plaintiff*

_____
Roman Lifson

4873-6878-9140